Timothy P. **TEDESCO**, Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE**, Respondent.

No. 04–3085.

United States Court of Appeals, Federal Circuit.

DECIDED: May 10, 2004.

Michael N. O'Connell, Principal Attorney, Bryant G. Snee, David M. Cohen, of Counsel, Washington, DC, Eric Werner, Principal Attorney, Arlington, VA, for Respondent.

Timothy P. Tedesco, Holmes Beach, FL, pro se.

Before LOURIE, LINN, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Timothy Tedesco appeals from the Merit Systems Protection Board's decision dismissing his petition for review of his placement in Absent Without Leave ("AWOL") status. *Tedesco v. Dep't of the Air Force*, No. CH–3443–01–0296–B–1, 95 M.S.P.R. 297, 2003 WL 22176210 (M.S.P.B. Sept. 12, 2003) (*"Final Decision"*). We *affirm*.

## DISCUSSION

In August 1999, while Mr. Tedesco was employed as a GS–12 Hydrologist at Scott Air Force Base in Illinois, the Air Force placed him in AWOL status. *Tedesco v. Dep't of the Air Force*, No. CH–3443–01–0296–B–1, slip op. at 1 (M.S.P.B. Sept. 11, 2002) (*"Initial Decision"*). Tedesco appealed that placement to the Board on March 2, 2001. *Id.* The Air Force moved to dismiss Tedesco's appeal as untimely and for lack of Board jurisdiction. *Id.* The Administrative Judge ("AJ") assigned to Tedesco's appeal granted the Air Force's

motion in a May 7, 2002, decision that was later vacated by the full Board and remanded for further adjudication of the timeliness of the appeal and to afford the appellant the opportunity for a jurisdictional hearing. *Id.* at 1–2. On remand, the AJ again dismissed Tedesco's appeal as untimely and for lack of jurisdiction. *Id.* at 9, 20. Tedesco again petitioned the full Board for review. *Final Decision,* 95 M.S.P.R. at ——, slip op. at 1. Concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome of Tedesco's appeal, the Board denied Tedesco's petition on September 12, 2003, thereby rendering the AJ's September 11, 2002, Initial Decision final. *Id.* 95 M.S.P.R. at ——, at 2.

Tedesco timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). However, Congress has expressly limited the scope of our review in appeals from the Board. *Phillips v. U.S. Postal Serv.,* 695 F.2d 1389, 1390 (Fed.Cir. 1982). Specifically, we must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

On appeal, Tedesco offers no reasons for the delayed filing of his appeal to the Board, other than a vague statement that he was not notified of his appeal rights until December 11, 2000. While that might explain Tedesco's failure to appeal his placement in AWOL status within thirty days of that status change, it cannot explain his delay of more than two and a half months after receiving that notification, which set forth the Board's thirty-day filing date limit. *Initial Decision,* slip op. at 7. On February 6, 2001, already beyond that time limit, Tedesco e-mailed the Board to say that he would be submitting "an appeal along with supporting evidence for the reason I am filing late. Plan to submit within 2 weeks." *Id.* The record reflects that Tedesco neither submitted his appeal within two weeks nor submitted supporting evidence concerning the reasons for his delay when he finally did file his appeal on March 2, 2001.* *Id.* In view of those factual findings by the AJ, which are supported by substantial evidence in the record and were not obtained contrary to procedures required by any law, rule, or regulation, we cannot say that the AJ's dismissal of Tedesco's petition for review as untimely was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

In view of our conclusion with regard to the untimeliness of Tedesco's appeal to the Board, we need not address the Board's alternative ground of dismissal of the petition for lack of Board jurisdiction.

The Air Force has filed a motion to strike Tedesco's appendix as having been untimely filed. We deny the motion as moot.

Accordingly, we affirm.

---

* Tedesco's appeal letter was dated February 22, 2001, but the AJ found that the envelope in which the appeal was submitted bore a postmark date of March 2, 2001. *Initial De-* *cision,* slip op. at 7. Even if the appeal had been postmarked February 22, 2001, however, it still would have been untimely.