**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SAMUEL TRUJILLO,
          Appellant,

     v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DC-3443-22-0374-I-1

DATE: April 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Samuel Trujillo</u>, APO, APO/FPO Europe, pro se.

<u>Maite S. Hiatt</u> and <u>Sarah Dawn Dobbs</u>, APO, APO/FPO Europe, for the
    agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision,
which dismissed his appeal of his alleged involuntary placement in sick leave and
leave without pay (LWOP) status for lack of jurisdiction. For the reasons
discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

The appellant, a preference eligible, is appointed to a competitive-service position as a GS-6 Physical Scientist. Initial Appeal File (IAF), Tab 1 at 1. The appellant filed this appeal, in which he alleged that the agency committed a prohibited personnel practice by involuntarily placing him in sick leave and LWOP status. IAF, Tab 1 at 3.

The administrative judge issued an order to show cause notifying the appellant of his burden of proof to establish the Board's adverse action jurisdiction over his appeal, including that a "suspension of greater than 14 days" is appealable. IAF, Tab 3 at 2. She also explained that the Board lacks jurisdiction over "leave related complaints" or prohibited personnel practices unless raised alongside an otherwise appealable matter. *Id*. Neither the appellant nor the agency responded to the order. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID) at 1, 4. She reasoned that the appellant failed to nonfrivolously allege he suffered an appealable action based on the charge of sick leave and LWOP. ID at 4.

The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We remand for further proceedings because the appellant did not receive explicit notice of what is required to establish Board jurisdiction based on his allegations.</u>

We find that the instant appeal needs to be remanded for further proceedings under 5 U.S.C. § 7701, because it appears that the appellant may be attempting to raise an involuntary suspension claim. Moreover, because he is preference eligible, he may have a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at

38 U.S.C. §§ 4301-4335) (USERRA)[2] or the Veterans Employment Opportunity Act (VEOA).

An appellant must receive explicit information on what is required to establish Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Tedesco v. Department of the Air Force*, 90 M.S.P.R. 367, ¶ 7 (2001) (remanding an appeal due to the administrative judge's failure to advise the appellant what was required to establish Board jurisdiction over a constructive suspension appeal), *aff'd per curiam*, 99 F. App'x 897 (Fed. Cir. 2004) (Table). The administrative judge's orders and the initial decision did not provide the appellant with notice of the jurisdictional requirements for an involuntary suspension. IAF, Tabs 2, 3; ID at 1-4. Moreover, the agency did not submit a response containing the relevant notice. *See Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings or the initial decision contain the notice that was otherwise lacking). Although the pro se appellant's appeal form does not specifically allege that he was subject to an involuntary suspension, the appellant alleged that the agency improperly placed him in sick leave and LWOP status for an unspecified period of time without his consent. IAF, Tab 1 at 3.

The appellant needs to be advised that an employee's absence for more than 14 days that results in a loss of pay may be a constructive suspension appealable under 5 U.S.C. §§ 7512(2) and 7513(d). To establish Board jurisdiction over an involuntary suspension, an appellant must prove by preponderant evidence that (1) he lacked a meaningful choice in his absence; and (2) it was the agency's wrongful actions that deprived him of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). Because the appellant was not so informed, it is

---

[2] The Board's jurisdiction over a USERRA claim is not dependent on an appellant invoking USERRA. *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998). USERRA claims are broadly and liberally construed. *Tindall v. Department of the Army*, 84 M.S.P.R. 230, ¶¶ 6-7 (1999).

necessary to remand this appeal to the regional office to provide him with an adequate opportunity to establish jurisdiction. *Tedesco*, 90 M.S.P.R. 367, ¶ 7.

Lastly, although the appellant is preference eligible, neither the administrative judge's orders nor her initial decision provided the appellant with notice on the jurisdictional requirements of a USERRA or VEOA claim. IAF, Tabs 2, 3; ID at 1-4. Therefore, on remand the appellant should also be advised that to establish Board jurisdiction over a USERRA discrimination claim under 38 U.S.C. § 4311(a), he must nonfrivolously allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the performance of duty or obligation to perform duty in the uniformed service was a substantial or motivating factor in the denial. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 11 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017); *see Bryant*, 878 F.3d at 1325-26 (articulating the "substantial or motivating factor" standard) (citation omitted). Furthermore, to establish Board jurisdiction over a veterans' preference VEOA appeal brought pursuant to 5 U.S.C. § 3330a, an appellant must: (1) show that he exhausted his remedy with the Department of Labor (DOL); and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(a); *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008).[3] An appellant need not state a claim upon which

---

[3] An appellant also may establish Board jurisdiction over a "right to compete" VEOA appeal brought under 5 U.S.C. § 3330a(a)(1)(B). To establish jurisdiction over such a claim, he must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible or veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the action at issue took place on or after the enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the

relief can be granted for the Board to have jurisdiction over a VEOA claim. *Haasz*, 108 M.S.P.R. 349, ¶ 6.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

agency, in violation of 5 U.S.C. § 3304(f)(1), denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).